**Anthony CRAWFORD, Plaintiff–Appellant,**

v.

**K. TASISTA; et al., Defendants–Appellees.**

No. 02–17332.

D.C. No. CV–02–01180–GEB/JFM.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2003.*

Decided Oct. 17, 2003.

Anthony Crawford, # H–48096, Ione, CA, for Plaintiff–Appellant.

Constance Picciano, Esq., Sacramento, CA, for Defendant–Appellee.

Before WARDLAW, BERZON, and CLIFTON, Circuit Judges.

MEMORANDUM **

Anthony Crawford, a California state prisoner, appeals pro se the district court's judgment dismissing, pursuant to 28 U.S.C. § 1915A, his 42 U.S.C. § 1983 action alleging that prison officials violated his constitutional rights when they charged and convicted him for violating prison rules. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo. *Res-*

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*nick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000). We reverse and remand.

Crawford's amended complaint alleged that he was removed from his prison library job as the sole punishment for circulating a petition to have a coffee pot returned to the prison library. The district court dismissed Crawford's action pursuant to *Edwards v. Balisok,* 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). Our recent decision in *Ramirez v. Galaza,* 334 F.3d 850, 859 (9th Cir.2003), however, holds that *Edwards* does not preclude a prisoner's section 1983 action challenging a prison disciplinary procedure that, if successful, would not necessarily invalidate a disciplinary action that affects the fact or length of confinement. Consequently, we reverse and remand for further proceedings.

REVERSED and REMANDED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.